569 P.2d 1353

**Waldo D. ANDREWS and Hazelle Andrews, his wife, Appellants,**

v.

**ARIZONA R.C.I.A. LANDS, INC., an Arizona Corporation, Maricopa County, Treasurer of Maricopa County, Glenn Stapley, Richard Ludwig and Linda Ludwig, his wife, Appellees.**

**No. 13155.**

Supreme Court of Arizona, In Banc.

Sept. 27, 1977.

**456**

Taylor & Petica, P. C. by Ray A. Taylor, Scottsdale, for appellants.

Terry M. Pierce, P. A., Phoenix, for appellee R.C.I.A. Lands, Inc.

Perry, Head & Griffiths by David A. Griffiths, Phoenix, for appellee Ludwig.

CAMERON, Chief Justice.

Plaintiffs, Waldo D. Andrews and Hazelle Andrews, husband and wife, brought an action in the Maricopa County Superior Court for declaratory judgment. A motion to dismiss was made by the defendants, Arizona R.C.I.A. Lands, Inc. and Richard Ludwig and Linda Ludwig, husband and wife. From the granting of that motion, plaintiffs appeal.

We must answer only one question and that is, does certified mail comply with the requirements of Rule 4(e)(3), Arizona Rules of Civil Procedure, which states that the party shall "mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode"?

The facts necessary for a determination of this matter on appeal are as follows. Plaintiffs, on or about 12 May 1970, purchased real property in Maricopa County, State of Arizona. The property had previously been sold on 24 February 1969 for delinquent taxes for the years 1967 and 1968. Defendant, R.C.I.A. Lands, Inc., received a treasurer's deed to the said property and on 7 March 1972 initiated an action to foreclose the right of redemption. The plaintiffs were not residents of the State of Arizona and were served by publication pursuant to Rule 4(e)(3), Rules of Civil Procedure, 16 A.R.S. After foreclosing the right of redemption, defendant, R.C.I.A., conveyed the property to the defendants Richard and Linda Ludwig, husband and wife.

On 16 July 1975, plaintiffs initiated a declaratory judgment action contending that the judgment was void because of lack of proper service. The affidavit of the attorney for R.C.I.A. Lands, Inc., filed in the foreclosure action in support of proof of service, was attached to the motion to dismiss. The contents of that affidavit are not contested and, in fact, are the basis for plaintiffs' contention that the service was defective. The affidavit stated:

"2. That upon filing of the Complaint in the above-entitled action I made diligent search to determine the residence and whereabouts of the above-named Defendants; that I investigated the records of the Assessor's Office of Maricopa County to determine an address for WALDO D. ANDREWS and HAZELLE ANDREWS, and that the address listed therein is 1700 Eagle Point, Clark Lake, Michigan 49234; that accordingly, and prior to the time of first publication, I caused a copy of the Summons and Complaint to be sent, under separate cover, to each of the Defendants, WALDO D. ANDREWS and HAZELLE ANDREWS: that said copies of Summons and Complaint were returned unclaimed, as appears from the attached envelopes which were sent to said Defendants, as aforementioned, by certified mail, return receipt requested; * * *"

The affidavit indicates the other unsuccessful attempts that were made to locate the plaintiffs and the facts of publication.

Rule 4(e)(3) reads as follows:

"4(e)(3) *Summons: service by publication* "Where by law personal service is not required, and a person is subject to service under Section 4(e)(1), such service may be made by either of the methods set forth in Section 4(e)(2) or by publication. Service by publication shall be made by publication of the summons in a newspaper published in the county where the action is pending, and if no newspaper is published in such county, then in a newspaper published in an adjoining county, at least once a week for four successive weeks and the service shall be complete thirty days after the first publication. When the residence of the defendant is known, the party shall on or before the date of the first publication mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode. The plaintiff shall file an affidavit showing the publication and mailing and the circumstances warranting the utilization of the procedure under Section 4(e)(1) which shall be prima facie evidence of compliance herewith, and if the residence is unknown, the affidavit shall so state."

It is apparent that the defendant did more than the strict letter of the rule required. Not only did he "mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode," but he caused the summons and complaint to be mailed by certified mail "return receipt requested."

It is the contention of the plaintiffs on appeal that the mailing should have been by regular mail and that had the defendant done so the plaintiffs would, in due course, have received the notice. The plaintiffs stated:

"It is respectfully submitted that if the mandates of Rule 4(e)(3) were strictly followed and if a copy of the Summons and Complaint would have been sent by mail, the Defendants in that action would have been apprised of the pendency of that action and would have been afforded an opportunity to present their objections thereto."

That the defendant used a "higher" form of service to notify the plaintiffs of the pending action is not fatal. Parties in a lawsuit are entitled to know if the summons and complaint are actually received by the persons they are attempting to serve. We agree with the statement of the defendant in his memo before the trial court that

"Sending a Summons and Complaint by regular mail is like shooting an arrow into the air. One never knows if it landed on the intended recipient. One of the purposes of certified mail is to bring the mailed parcel to the particular attention of the addressee."

The defendant did mail the summons and complaint to the plaintiffs as required by Rule 4(e)(3). The use of certified mail is not only more reliable, but is equally calculated to notify the person being served of the pendency of the action. Defendant complied with the rule and more in using a higher, more reliable method of service.

We find no error on the part of the defendant in using this higher degree of service to effectuate the mandates of Rule 4(e)(3) of the Arizona Rules of Civil Procedure, 16 A.R.S.

The order granting the motion to dismiss is affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.